# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |
|---|---|
| **BEN LEWIS,** *et al.*, | * |
| Plaintiffs, | * |
| v. | *     Case No.: PWG-17-1636 |
| **STATE OF MARYLAND,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ben and Damita Lewis, who are proceeding without counsel, filed an unsigned, thirteen-count Complaint in this Court against the State of Maryland, by and through its Attorney General Brian Frosh; HSBC Mortgage Services, Inc. ("HSBC"); U.S. Bank, N.A. ("U.S. Bank"); Rushmore Loan Management Services, LLC ("Rushmore"); Fisher Law Group ("Fisher"); Equifax, Experian, Trans Union, and Does 1–20 on June 15, 2017. ECF No. 1. The Complaint has 180 paragraphs, much of it devoted to legal argument and citation to numerous cases and statutes, as opposed to pleading plausible claims. Briefly stated, Plaintiffs allege that Defendants are co-conspirators that are interfering with Plaintiffs' rights with regard to their property at 14575 Woodville Road, Waldorf, Maryland 20601 (the "Property"), by relying on a fraudulent Note purportedly encumbering the Property to demand payments in excess of what Plaintiffs actually owe, to report inaccurate credit information, and to attempt to foreclose on the

Property.[1]  *Id.*  They claim violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and of their due process and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution, along with state law claims, and they seek a declaratory judgment, injunctive relief to prevent future debt collection and foreclosure proceedings, and an accounting.  *Id.*

Defendants Frosh, HSBC, U.S. Bank, Rushmore, Equifax and Trans Union have moved to dismiss the Complaint for failure to state a claim, and they have filed memoranda in support. ECF Nos. 24, 24-2, 27, 27-1, 28, 41, 41-1, 42 & 42-1.[2]  Notably, U.S. Bank and Rushmore also raised Plaintiffs' failure to sign the Complaint as a basis for striking the Complaint if Plaintiffs did not remedy the deficiency, as Rule 11(a) requires.  *See* Fed. R. Civ. P. 11(a).  I held two pre-motion conferences in which Ben Lewis, but not Damita Lewis, participated, ECF Nos. 19 & 39, and I issued two letter orders setting deadlines for briefing the motions, ECF Nos. 21 & 40. Defendants mailed copies of their motions to Plaintiffs.  *See* Certifs. of Serv. (Frosh Mot. 2; HSBC Mot. 2; Equifax Mot. 10; Trans Union Mot. 3; U.S. Bank & Rushmore Mot. 3). Additionally, the Court notified Plaintiffs of their right to respond to the motions and the deadlines for doing so, ECF Nos. 25, 26, 29, 30, 31, 32, 43, 44, 45 & 46.  Despite this ample

---

[1] For the purposes of considering Defendants' motions, I accept the well pleaded facts (but not legal conclusions) that Plaintiffs have alleged in their Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).  Also, I take judicial notice that Fisher initiated a foreclosure proceeding in the Circuit Court of Maryland for Charles County with regard to the Property on April 14, 2014.  *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= 08C14000927&loc=64&detailLoc=ODYCIVIL; Fed. R. Civ. P. 201(b). Plaintiff Damita Lewis appears on the state court docket as Damita Majette.  The state court dismissed the proceeding on June 9, 2017, before Plaintiffs filed suit in federal court and before any foreclosure sale took place.

[2] Trans Union and U.S. Bank and Rushmore also filed replies.  ECF No. 47 & 48.  A hearing is not necessary.  *See* Loc. R. 105.6.

notification, Plaintiffs have not opposed any of the motions or filed a signed version of the Complaint. Consequently, there is not a proper Complaint before the Court. Moreover, Plaintiffs fail to state a federal claim against any of the Defendants. Accordingly, I will dismiss those claims and decline to exercise supplemental jurisdiction over the state law claims.

### **Unsigned Complaint**

Rule 11(a) provides:

> **Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court *must strike* an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

Plaintiffs failed to sign their Complaint. In U.S. Bank and Rushmore's memorandum, filed October 6, 2017, as well as the cover letter Defendants sent with their motion, Defendants called this deficiency to Plaintiff's attention. *See* U.S. Bank and Rushmore's Mem. 5 ("Federal Rule of Civil Procedure 11 requires that '[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented.' Rule 11 further provides that the Court 'must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.' The Complaint is not signed by either of the Plaintiffs (who proceed *pro se*). This filing, together with the cover letter addressing the service copy of this motion to the Plaintiffs,[] calls this omission to the Plaintiffs' attention."); Oct. 6, 2017 Ltr., ECF No. 42-2 ("Please take notice that the *Complaint for Damages and Equitable Relief* which you filed commencing this action is not signed, and was therefore filed in violation of Federal Rule of Civil Procedure 11. You are hereby notified that you must promptly cure the omitted signatures

by filing a fully signed copy of your pleading. My clients have requested that the Court strike your Complaint if you do not promptly comply.").

It is not clear that Plaintiffs' failure to cure after this notice, without any notice from the Court or showing of severe prejudice, is sufficient to warrant striking the Complaint under Rule 11(a). *See Bey v. Genano*, No. PWG-16-2800, 2017 WL 1315530, at *1 (D. Md. Apr. 10, 2017) ("Defendants note that Bey omitted the final page of his Complaint when he filed it and failed to sign the filing. Defs.' Mem. 5. They urge me to dismiss the Complaint pursuant to Fed. R. Civ. P. 11(a). *Id.* If I dismissed the Complaint for Bey's failure to comply with Rule 11(a), I would need to give him an opportunity to submit an amended complaint. It is doubtful that this is the relief that the Defendants seek. Because of the substantive deficiencies in Bey's filings, I need not reach the failure-to-sign issue."); *Steamship Trade Ass'n of Baltimore, Inc. v. Peters*, No. WDQ-09-109, 2009 WL 2924810, at *2 (D. Md. Sept. 9, 2009) (report and recommendation noting that "[t]he Defendant received notice of the deficiency in his [unsigned motion] through the Plaintiff's Second Motion in Opposition," but not recommending striking the filing because the plaintiff had "not shown that it ha[d] been 'severely prejudiced' by the Defendant's failure to sign"; citing *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997) ("[D]ocuments should be struck [under Rule 11(a)] where the failure to sign severely prejudiced the opposing party.")). Here, I note that the Complaint cannot proceed without signature but, as in *Bey*, I will dismiss on the merits rather than striking Plaintiffs' Complaint. *See Bey*, 2017 WL 1315530, at *1; Fed. R. Civ. P. 11(a).

## **Failure to State a Claim**

*Standard of Review*

Defendants move to dismiss pursuant to Rule 12(b)(6), pursuant to which a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

> Ultimately, a complaint must "'permit[ ] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.' " *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). To this end, "while a plaintiff [in an employment discrimination case] is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002); [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]); *see also McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

*Nam v. 2012 Inc.*, No. DKC-15-1931, 2016 WL 107198, at *3 (D. Md. Jan. 11, 2016) (alterations in *Nam*).

Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations [of

fraud] typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) (quoting *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313–14 (D. Md. 2000)). With the exception of Plaintiffs' FCRA claims, all of Plaintiffs' claims are rooted in fraud allegations, so heightened pleading standards apply. *See Healy v. BWW Law Grp., LLC*, No. PWG-15-3688, 2017 WL 281997, at *1–2 (D. Md. Jan. 23, 2017) (applying heightened fraud standard to claims under RICO, Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 to -501, and Maryland Consumer Debt Collection Act ("MCDCA"), Com. Law §§ 14-201 – 14-204); *Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 & n.10 (D. Md. 2009) (applying Fed. R. Civ. P. 9(b) to MCPA claim); *Murray v. Bierman, Geesing, Ward & Wood, LLC*, No. RWT-11-1623, 2012 WL 4480679, at *4 (D. Md. Sept. 27, 2012) (noting applicability of Fed. R. Civ. P. 9(b) to MCDCA claim); *Kimberlin v. Hunton & Williams LLP*, No. GJH-15-723, 2016 WL 1270982, at *7 (D. Md. Mar. 29, 2016) (applying Fed. R. Civ. P. 9(b) to RICO claim based on mail or wire fraud).

Additionally, it is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307–08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent

authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when a plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *Ferebee v. Jeanett P. Henry, LLC*, No. PWG-17-1397, 2017 WL 2812803, at *1 (D. Md. June 28, 2017) (noting Court's authority to dismiss frivolous claims *sua sponte* even when plaintiff pays filing fee). Additionally, while this Court is required to construe liberally *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

## *Count VIII – FDCPA*

Plaintiffs claim that all Defendants but the State violated the FDCPA. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (quotation omitted)). To state a claim for relief under the FDCPA, Plaintiffs must allege that "(1) [they have] been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Id.* at 759–60 (citation omitted); *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013) (citing

7

15 U.S.C. § 1692). HSBC, U.S. Bank, Rushmore, Equifax, and Trans Union argue that they are not debt collectors. *See* HSBC Mem. 3, 13–14; Equifax Mot. 2, 7; Trans Union Mem. 3, 5–8; U.S. Bank & Rushmore Mem. 9.

As noted, Plaintiffs have not opposed any of Defendants' motions. When a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents supporting legal arguments, it is the plaintiff's obligation to respond substantively to address them. Plaintiffs' failure to respond to Defendants' arguments constitutes abandonment of those claims. *See Whittaker v. David's Beautiful People, Inc.*, No. DKC-14-2483, 2016 WL 429963, at *3 n.3 (D. Md. Feb. 4, 2016); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 669 n.9 (D. Md. 2013); *Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 & 783 (D. Md. 2010). Moreover, any abandoned claims are subject to dismissal with prejudice. *Sewell v. Strayer Univ.*, No. DKC-12-2927, 2013 WL 6858867, at *4 (D. Md. Dec. 27, 2013) (stating that "retaliation claim was dismissed with prejudice . . . because she abandoned [the] claim by failing to address it in the reply brief"); *Farrish v. Navy Fed. Credit Union*, No. DKC-16-1429, 2017 WL 4418416, at *3 (D. Md. Oct. 5, 2017).

Plaintiffs allege that Equifax, Experian, and Trans Union are credit reporting agencies, Compl. ¶ 4, and that "Defendants act[ed] as PLAINTIFFS' lender and loan servicer," *id.* ¶ 36. Notably, Plaintiffs do not allege that Defendants took any actions as debt collectors; Plaintiffs only make the conclusory allegation that "defendants are defined as *debt collectors* within the meaning of federal version of the *Fair Debt Collection Practices Act* 15 U.S.C. 1601 et seq." *Id.* ¶ 126. This recitation of an element of the claim does not suffice. *See Iqbal*, 556 U.S. at 678–79. Moreover, "creditors, mortgagees, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *See Green v. Rosenberg & Assocs.,*

*LLC*, No. PJM 17-732, 2018 WL 1183655, at *4 (D. Md. Mar. 7, 2018); *see also Richardson v. Shapiro & Brown, LLP*, No. CV - JFM-17-307, 2017 WL 3493123, at *1 (D. Md. Aug. 14, 2017) ("Neither Rushmore nor U.S. Bank is a 'debt collector.'"). And, credit reporting agencies are not debt collectors. *See White v. Experian Consumer Fraud Assistance*, No. 16-CV-49, 2016 WL 8919459, at *2 (N.D.W. Va. Aug. 15, 2016), *aff'd,* 671 F. App'x 878 (4th Cir. 2016) ("Experian is not a debt collector, but rather a consumer reporting agency."). Accordingly, the FDCPA claims against HSBC, U.S. Bank, Rushmore, Equifax, and Trans Union are dismissed with prejudice. *See id.; Green*, 2018 WL 1183655, at *4; *Whittaker*, 2016 WL 429963, at *3 n.3; *Sewell*, 2013 WL 6858867, at *4.

Plaintiffs also name Experian and Fisher in their FDCPA claim without alleging that they are debt collectors. The claim against Experian, a credit reporting agency like Equifax and Trans Union, must be dismissed with prejudice as well, because Experian also is not a debt collector. *See White*, 2016 WL 8919459, at *2; *see also Jackson v. Experian Fin. Servs.*, No. RDB-13-1758, 2014 WL 794360, at *2 (D. Md. Feb. 26, 2014) (dismissing FDCPA claim against Experian where plaintiff did "not allege that Experian is a debt collector that is covered by the FDCPA or that Experian took any action to collect a debt"); *see also Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307–08 (1989) (permitting *sua sponte* dismissal of frivolous claims); *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (same). As for Fisher, Plaintiffs fail to allege any actions that this Defendant took, and certainly do not provide the specificity required under the heightened standard of Rule 9(c). I can only speculate as to Fisher's role in the alleged wrongdoing, and the FDCPA claim against it must be dismissed. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Therefore, Count VIII (FDCPA) is dismissed in its entirety.

*Count XI – RICO*

Plaintiffs claim that U.S. Bank, Rushmore, and Fisher violated RICO, and specifically 18 U.S.C. § 1962.[3] RICO "is concerned with eradicating organized, long-term, habitual criminal activity," not "all instances of wrongdoing." *Mitchell Tracey v. First Am. Title Ins. Co.,* No. WDQ-12-1329, 935 F. Supp. 2d 826, 841–43, 2013 WL 1296390, at *6–7 (D. Md. Mar. 28, 2013) (quoting *U.S. Airline Pilots Ass'n v. Awappa, LLC,* 615 F.3d 312, 317 (4th Cir. 2010) (internal quotation marks omitted)). Courts, therefore, must "'exercise caution' to ensure that 'RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions,'" while at the same time "read[ing] the terms of the statute 'liberally' to 'effectuate its remedial purposes.'" *Id.* (quoting *U.S. Airline Pilots,* 615 F.3d at 317 (internal quotation marks omitted)).

Subsection (a) of § 1962 prohibits a person from "us[ing] or invest[ing]" income derived "from a pattern of racketeering activity or through collection of an unlawful debt," or the proceeds of such income, to acquire or establish an enterprise engaged in or affecting interstate commerce. 18 U.S.C. § 1962(a). Subsection (b) prohibits a person from "acquir[ing] or maintain[ing]" through "a pattern of racketeering activity" or "collection of an unlawful debt" an enterprise engaged in or affecting interstate commerce. *Id.* § 1962(b). Subsection (c) prohibits a person from "conduct[ing] or participat[ing] . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Id.* § 1962(c). Subsection (d) proscribes conspiracy to violate subsection (a), (b), or (c). *Id.* § 1962(d).

Thus, to state a claim under § 1962, Plaintiffs must allege an enterprise. 18 U.S.C. § 1962. An "enterprise" is "any individual, partnership, corporation, association, or other legal

---

[3] Plaintiffs also name Caliber Home Loans in this count. Caliber Home Loans, however, is not named in the Complaint, and Plaintiffs have not served this entity. Consequently, there is no claim against it.

entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). For purposes of § 1962(c) in particular, "Plaintiffs must further allege that the RICO 'enterprise' is distinct from the defendant 'person' alleged to have violated RICO." *Yesko v. Fell*, No. ELH-13-3927, 2014 WL 4406849, at *8 (D. Md. Sept. 5, 2014) (quoting *Mitchell*, 935 F. Supp. 2d at 842). This is because "§ 1962(c) . . . is designed solely to reach criminal activity by employees while protecting the innocent corporate enterprise from criminal infiltration." *Toucheque v. Price Bros. Co*, 5 F. Supp. 2d 341, 347 (D. Md. 1998). Plaintiffs have not alleged any "enterprise" that is "distinct from the defendant 'person[s]' alleged to have violated RICO." *See Yesko*, 2014 WL 4406849, at *8. Nor have they alleged that any Defendant acquired, established, or maintained an enterprise, let alone that the acquisition, establishment, or maintenance involved a pattern of racketeering activity, unlawful debt collection, or income derived from either. And, as noted, they have not sufficiently alleged a conspiracy in more than conclusory terms. Additionally, I agree with U.S. Bank and Rushmore, which argue that Plaintiffs' RICO claim fails because

> Although Plaintiffs allege that Defendants attempted to defraud them on December 1, 2016 and January 1, 2017, [Compl. ¶ 162] there are absolutely no factual allegations in the Complaint to support this conclusory claim. Plaintiffs do not identify: who undertook the false debt collection efforts, what the fraudulent statements were or how the communications were made. Accordingly, Plaintiffs' civil RICO claim fails to satisfy Fed. R. Civ. P. 9(b).

U.S. Bank & Rushmore Mem. 10. Consequently, Plaintiffs fail to state a RICO claim. *See* 18 U.S.C. § 1962; *Yesko*, 2014 WL 4406849, at *8; Fed. R. Civ. P. 9(c).

*Count XII – FCRA*

Plaintiffs state that Count XII, for FCRA violations, is against all Defendants, except the State, yet they only allege that the credit reporting agencies (Experian, Trans Union, and Equifax) violated their rights under the FCRA by failing to respond when Plaintiffs disputed

11

their credit reports. Compl. ¶¶ 170–173a.[4] I will not resort to guesswork to discern what claims Plaintiffs may intend to state against the other Defendants. *See Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) ("It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.") (per curiam) (internal citations omitted). Plaintiffs' FCRA claims against the non-credit reporting agency Defendants are dismissed. *See id.*

With regard to the credit reporting agencies, *Awah v. Transunion*, No. ELH-15-2042, 2016 WL 3257795 (D. Md. June 13, 2016), is informative. There, the claims against the credit reporting agency were markedly similar to here:

> [T]he crux of the Amended Complaint [was] that plaintiff complained to defendants about supposedly false information in his credit report and that defendants failed to remove the incorrect information. Yet, the Amended Complaint [was] virtually devoid of specific factual allegations. Plaintiff merely aver[red] that he sent a "litany of formal correspondences [sic] requesting a proper investigation and deletion of the false entries ...." For example, although plaintiff contend[ed] that he "filed at least 15 formal disputes with Defendants" from "December 2013 through February 2015", he d[id] not specify when or to whom he allegedly complained. Similarly, the Amended Complaint d[id] not identify what specific information in plaintiff's credit report was supposedly inaccurate. [The Amended Complaint] alleg[ed] simply that defendants "ma[de] a derogatory entry from a fictitious Creditor, whose identity and contact information was unknown."[]

---

[4] Certainly, Plaintiffs allege in their negligence claim (Count I) that "[i]t is a matter of judicial notice that banks and lenders who believe a borrower has breached the duty to pay back a loan, will affirmatively 'report to credit reporting agencies . . .' all default acts by the borrower." Compl. ¶ 35.1. Plaintiffs are mistaken in this regard. The circumstances under which a lender will report a particular borrower's failure to pay his or her loan is not a matter that is generally known within the territorial jurisdiction of this Court, nor is it a fact that readily may be determined by reference to a source, the reliability of which cannot reasonably be challenged. Therefore, it is not a proper matter for judicial notice. *See* Fed. R. Evid. 201(b). Plaintiffs have failed to state a plausible FCRA claim against the non-credit reporting agency Defendants. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

*Id.* at *7 (citations to am. compl. omitted). The Court dismissed the FCRA claim against Experian, reasoning that "the Amended Complaint's bald accusations [we]re insufficient to put Experian on fair notice as to the specific factual allegations that underpin plaintiff's FCRA claim," and that "plaintiff's failure to identify how Experian supposedly violated the FCRA unfairly requires Experian to hunt through the Amended Complaint to identify a viable claim." *Id.* Here, Plaintiffs do not even allege which provisions of the FCRA the credit reporting agencies violated, or how, beyond the non-specific allegation that Defendants failed to respond to Plaintiffs' disputes of unidentified inaccuracies. As in *Awah*, this is insufficient to state a claim. *See id.* Plaintiffs' FCRA claims against the credit reporting agencies are dismissed. *See id.*

*Count XIII – Due Process and Equal Protection Violations*

A claim for violation of constitutional rights is brought pursuant to 42 U.S.C. § 1983, which provides for the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A state is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–65 & 70–71 (1989). Therefore, insofar as Plaintiffs name the State of Maryland as a Defendant in Count XIII, the claim against the State is dismissed with prejudice. *See Weigel*, 950 F. Supp. 2d at 825–26 (noting that "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim").

As for Maryland Attorney General Frosh, § 1983 requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S.

658, 690 (1978); *West v. Atkins*, 815 F.2d 993, 996 (4th Cir. 1987), *rev'd on other grounds*, 487 U.S. 42 (1988) (no allegation of personal involvement relevant to the claimed deprivation); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (in order for an individual defendant to be held liable pursuant to § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights") (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)). Moreover, an individual cannot be held liable under § 1983 under a theory of respondeat superior.[5] *See Monell*, 436 U.S. at 690; *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Thus, to state a claim for § 1983 liability, a plaintiff must allege that a defendant was personally involved in the alleged deprivation of his constitutional rights, *Vinnedge*, 550 F.2d at 928–29, or allege the defendant's liability as a supervisor, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Supervisory liability may attach under § 1983 if (1) the defendant had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) the defendant's response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between defendant's inaction and the alleged constitutional injury. *Shaw*, 13 F.3d at 799. Here, Plaintiffs do not allege that Attorney General Frosh was personally involved in how their mortgage was handled or the initiation of foreclosure proceedings. Nor do they allege, beyond a conclusory allegation that all Defendants were co-conspirators, Compl. ¶ 11, that he had any personal knowledge of a subordinate's conduct. The vague reference to conspiracy does not suffice to state a claim based on personal knowledge. *See Iqbal*, 556 U.S. at 678–79. Accordingly, the § 1983 claim is dismissed as to Frosh as well.

---

[5] Respondeat superior is a legal doctrine which holds that in some circumstances an employer is responsible for the actions of employees performed within the course of their employment.

The remaining Defendants are private parties. "Action by a private party . . . , without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.' . . . [T]hat 'something more' which would convert the private party into a state actor might vary with the circumstances of the case." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Beyond the conclusory allegation that all Defendants were co-conspirators, Compl. ¶ 11, Plaintiffs do not allege that the private-party Defendants were acting under color of state law or in any way connected with the State. This conclusory allegation of conspiracy is insufficient to state a plausible claim of state action. *See Iqbal*, 556 U.S. at 678–79. Therefore, the private-party Defendants cannot be characterized as state actors. *See Lugar*, 457 U.S. at 939. Consequently, there is no "state action" and Plaintiff cannot state a § 1983 claim against these Defendants. *See Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50; *Goldstein*, 218 F.3d at 341. Because Plaintiffs failed to plead the essential state actor, their § 1983 claim against the private-party Defendants are not susceptible to amendment and will be dismissed with prejudice. *See Curry v. Farmer*, 2 F.3d 1149, 1993 WL 311947, at *1 n.* (4th Cir. 1993) (modifying "district court's dismissal to a dismissal with prejudice" due to "absence of an allegation of actions under color of state law or in conjunction with state actors"; citing *Lugar*, 457 U.S. at 937). Thus, Count XIII is dismissed in its entirety.

*Remaining Claims*

Insofar as Plaintiffs seek preliminary and permanent injunctive relief from foreclosure proceedings, Compl. ¶¶ 51–56, 180, I note that the state foreclosure action has been dismissed. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=08C14000927&loc=64&detailLoc=ODYCIVIL. Moreover, a federal court cannot grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. As for their claim for preliminary injunctive relief from further debt collection efforts, I note that "[a]n injunction is a matter of equitable discretion," and that preliminary injunctive relief requires a showing of a likelihood of success on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Given that I am dismissing their federal statutory claims regarding Defendants' debt collection practices, Plaintiffs cannot make this showing. *See id.* Additionally, a declaratory judgment claim is not a stand-alone cause of action. *See Rivero v. Montgomery Cty., Maryland*, 259 F. Supp. 3d 334, 351 (D. Md. 2017) ("[F]or a court to exercise federal-question jurisdiction in a declaratory-judgment action, plaintiffs must identify a cause of action under which a federal question would arise 'but for the availability of the declaratory judgment procedure.'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 16 (1983))), *appeal dismissed,* No. 17-1730, 2017 WL 6350583 (4th Cir. Nov. 9, 2017). And, finally, having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 21st day of March, 2018, hereby ORDERED that

1. Defendants' motions to dismiss, ECF Nos. 24, 27, 28, 41, 42, ARE GRANTED;
2. Plaintiffs' federal claims ARE DISMISSED with prejudice;
3. The Court declines to exercise supplemental jurisdiction over the state law claims; and

4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiffs and CLOSE THIS CASE.

/S/
Paul W. Grimm
United States District Judge

lyb